**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | |
|---|---|
| IOT INNOVATIONS LLC,<br><br>Plaintiff,<br><br>v.<br><br>LENOVO GROUP LIMITED and MOTOROLA MOBILE COMMUNICATION TECHNOLOGY LTD.,<br><br>Defendants. | Civil Action No. 2:26-cv-00924<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff IoT Innovations LLC ("IoT Innovations" or "Plaintiff") files this Complaint against Lenovo Group Limited and Motorola Mobile Communication Technology Ltd. (collectively, "Defendants" or "Lenovo"), alleging, based on its own knowledge as to itself and its own actions, and based on information and belief as to all other matters, as follows:

## NATURE OF THE ACTION

1. This is a patent infringement action to stop Defendants' infringement of the following United States Patents (the "Asserted Patents") issued by the United States Patent and Trademark Office ("USPTO"), copies of which are available, respectively, at the links below:

| | U.S. Patent No. | Title | Available At |
|---|---|---|---|
| A. | 7,209,876 | System and Method for Automated Answering of Natural Language Questions and Queries | USPTO.GOV, https://image-ppubs.uspto.gov/dirsearch-public/print/downloadPdf/7209876 |
| B. | 7,280,830 | Automatic Registration Services Provided Through A Home Relationship Established Between A Device And A Local Area Network | https://image-ppubs.uspto.gov/dirsearch-public/print/downloadPdf/7280830 |

| | U.S. Patent No. | Title | Available At |
|---|---|---|---|
| C. | 8,972,576 | Establishing A Home Relationship Between a Wireless Device and a Server in A Wireless Network | USPTO.GOV, https://image-ppubs.uspto.gov/dirsearch-public/print/downloadPdf/8972576 |
| D. | 8,401,571 | Mobile Electronic System | USPTO.GOV, https://image-ppubs.uspto.gov/dirsearch-public/print/downloadPdf/8401571 |

2. IoT Innovations seeks injunctive relief and monetary damages.

**PARTIES**

3. IoT Innovations is a limited liability company formed under the laws of Texas with a registered office address located in Austin, Texas (Travis County).

4. Upon information and belief, Defendant Lenovo Group Limited is a multinational corporation organized under the laws of the People's Republic of China with its registered office located at Units 616-617, Level 6 Cyberport 5, 100 Cyberport Road, Pok Fu Lam, Hong Kong SAR, China.

5. Upon information and belief, Lenovo Group Limited is the parent company in the Lenovo corporate family, and its controlled subsidiaries including but not limited to Motorola Mobile Communication Technology Ltd.

6. Upon information and belief, Motorola Mobile Communication Technology Ltd. is a corporation organized and existing under the laws of the People's Republic of China with its registered office at Room 203A, Area A, No. 178 Xinfeng Road, Huizhi Space, Xiamen Torch High-tech Zone, People's Republic of China.

7. Upon information and belief, Defendants own, operate, advertise, and/or control at least the websites http://lenovo.com and http://motorola.com (and related domains), through which they advertise, sell, offer to sell, provide, and/or educate customers about their products and

services, including the Accused Products.

## JURISDICTION AND VENUE

8. IoT Innovations repeats and re-alleges the allegations in the Paragraphs above as though fully set forth in their entirety.

9. This is an action for infringement of United States patents arising under 35 U.S.C. §§ 271, 281, and 284–85, among others. This Court has subject matter jurisdiction of the action under 28 U.S.C. § 1331 and § 1338(a).

10. This Court has personal jurisdiction over Defendants pursuant to due process and/or the Texas Long Arm Statute because, inter alia, (i) Defendants have done and continue to do business in the United States, including in the State of Texas; (ii) Defendants have committed and continue to commit acts of patent infringement in the United States, including in the State of Texas, including making, using, offering to sell, and/or selling accused products in the United States and Texas, and/or importing accused products into the United States and Texas, including by Internet sales and sales via retail and wholesale stores, inducing others to commit acts of patent infringement in the United States and Texas, and/or committing at least a portion of any other infringements alleged herein.

11. In addition, or in the alternative, this Court has personal jurisdiction over Defendants pursuant to Fed. R. Civ. P. 4(k)(2).

12. Venue is proper in this District under 28 U.S.C. § 1391(c)(3) because Defendants do not reside in any judicial district in the United States.

13. Defendants have purposefully availed themselves of the privilege of conducting activities in this state and this District, including at least part of the infringing activities alleged herein. Defendants directly and through their controlled subsidiaries regularly do or solicit

business, engage in other persistent conduct targeting residents of Texas, and/or derive substantial revenue from infringing goods offered for sale, sold, and imported to Texas and Texas residents.

14. Defendants place, have placed, and contributed to placing their products into the stream of commerce through established distribution channels knowing or understanding that such products would be sold and used in the United States, including in this District. Defendants provide cloud services—including provisioning the Motorola Moto App, Motorola Smart Hub, and associated real-time event notification services delivered via the event-notification APIs—and the Lenovo Link Pro App, and are the data controllers of data stored in the Lenovo Cloud, per the applicable Data Privacy Notice, to residents of the State of Texas.

15. Defendants offer products bearing several brands, among them Motorola, Moto, Lenovo, ThinkPad, Yoga, IdeaPad, and Legion. *See* LENOVO.COM, https://www.lenovo.com/us/en/pc/.

16. Within the Lenovo corporate family, Lenovo Group Limited serves as the parent company and is the ultimate parent company of the Lenovo group. *See* Annual Report 2025-26, LENOVO.COM, http://doc.irasia.com/listco/hk/lenovo/annual/2026/ar2026.pdf.

17. This Court has personal jurisdiction over Defendant Lenovo Group Limited because it: (a) directly and through directing its controlled subsidiaries conducts business, has committed acts of patent infringement, and has induced acts of patent infringement by others in this District and elsewhere in the United States; (b) purposefully availed itself of the privilege of conducting activities in this state and this District; (c) directly and through directing its controlled subsidiaries regularly does or solicits business, engages in other persistent conduct targeting residents of Texas, and/or derives substantial revenue from infringing goods offered for sale, sold, and imported to Texas and Texas residents; (d) places, has placed, and contributed to placing its products into the

stream of commerce through established distribution channels knowing or understanding that such products would be sold and used in the United States, including in this District; and (e) identifies itself as the manufacturer of several of the Accused Products.

18. Lenovo Group Limited has committed acts of direct and/or indirect patent infringement in this District, in Texas, and throughout the United States, giving rise to this action. As such, Lenovo Group Limited has sufficient minimum contacts with Texas such that personal jurisdiction over Lenovo Group Limited does not offend traditional notions of fair play and substantial justice.

19. Upon information and belief, Defendant Motorola Mobile Communication Technology Ltd. directly and in coordination with its parent Lenovo Group Limited and its controlled subsidiaries conducts business, has committed acts of patent infringement, and has induced acts of patent infringement by others in this District and elsewhere in the United States.

20. Upon information and belief, Defendant Motorola Mobile Communication Technology Ltd., acting directly and through its subsidiaries, has placed and continues to place the Accused Products into the U.S. stream of commerce with knowledge and understanding that the Accused Products are, will be, and continue to be sold and offered for sale into the State of Texas. Upon information and belief, Defendants utilize established distribution channels to distribute, market, offer to sell, and sell the Accused Products, including in Texas and in this judicial district.

21. U.S. customers, including customers in Texas and in this District, can purchase Defendants' Motorola Moto and Lenovo brand products, including the Accused Products, through U.S. retailers with locations in this District. For example, Defendants' Lenovo brand and Motorola brand products are available for purchase at Best Buy, including at the Best Buy store located at 2800 N Central Expy, Plano, TX 75074.




Source: BESTBUY.COM, https://www.bestbuy.com/product/lenovo-thinkpad-l16-16-fhd-touchscreen-business-laptop-intel-ultra-5-225u-16gb-ram-512gb-ssd-backlit-win11pro-touchscreen-black/J3GWQRFRF6/sku/12615254




Source: BESTBUY.COM, https://www.bestbuy.com/product/motorola-razr-2025-256gb-unlocked-pantone-gibraltar-sea/J39QWYQHX4/sku/6625236

22. Defendant Motorola Mobile Communication Technology Ltd. promotes Lenovo,

Motorola, and Lenovo products in the United States, to include in Texas and this judicial district, through the websites, http://lenovo.com and http://motorola.com.

23. U.S. consumers can purchase Defendants' Motorola Moto and Lenovo brand products, including the Accused Products, through the Motorola Moto and Lenovo websites, including http://lenovo.com and http://motorola.com, which provide e-commerce functionality allowing consumers to purchase products directly.

24. Defendants have committed acts of direct and/or indirect patent infringement in this District, in Texas, and throughout the United States, giving rise to this action. As such, Defendants have sufficient minimum contacts with Texas such that personal jurisdiction over Defendants does not offend traditional notions of fair play and substantial justice.

25. Through offers to sell, sales, imports, distributions, and other related agreements with controlled subsidiaries, distributors, and customers operating in and maintaining a significant business presence in the United States, Defendants do business in the United States, the State of Texas, and the Eastern District of Texas. United States customers, including customers in Texas and in this District, can purchase Defendants' Motorola Moto and Lenovo brand products through Defendants' websites and through U.S. retailers, including retailers with locations in this District.

26. This Court has personal jurisdiction over Defendant Motorola Mobile Communication Technology Ltd. On information and belief, Defendant Motorola Mobile Communication Technology Ltd.: (a) directly and in coordination with Lenovo Group Limited and its controlled subsidiaries conducts business, has committed acts of patent infringement, and has induced acts of patent infringement by others in this District and elsewhere in the United States; (b) purposefully availed itself of the privilege of conducting activities in this state and this District, including at least part of the infringing activities alleged herein; (c) directly and in coordination with Lenovo

Group Limited and its controlled subsidiaries regularly does or solicits business, engages in other persistent conduct targeting residents of Texas, and/or derives substantial revenue from infringing goods offered for sale, sold, and imported to Texas and Texas residents; (d) places, has placed, and contributed to placing its products into the stream of commerce through established distribution channels knowing or understanding that such products would be sold and used in the United States, including in this District.

27. Defendant Motorola Mobile Communication Technology Ltd. has committed acts of direct and/or indirect patent infringement in this District, in Texas, and throughout the United States, giving rise to this action. As such, Defendant Motorola Mobile Communication Technology Ltd. has sufficient minimum contacts with Texas such that personal jurisdiction over Defendant Motorola Mobile Communication Technology Ltd. does not offend traditional notions of fair play and substantial justice.

28. Defendants are not residents of the United States and therefore venue is appropriate in any judicial district, including this District, pursuant to 28 U.S.C. § 1391(c)(3).

29. A substantial part of the events or omissions giving rise to the claims, including acts of direct and/or indirect infringement, occurred in this District, such that this District is also a proper venue pursuant to 28 U.S.C. § 1391(b)(2).

## THE ACCUSED PRODUCTS

30. IoT Innovations repeats and re-alleges the allegations in Paragraphs above as though fully set forth in their entirety.

31. Based upon public information, Defendants own, operate, and/or control the websites and domains http://lenovo.com and http://motorola.com (and related domains), through which they advertise, sell, offer to sell, provide and/or educate customers about their products and services.

32. Defendants make, use, cause to be used, sell, offer for sale, provide, supply, distribute, and/or import into the United States their Motorola-branded smartphone and tablet products (including the Motorola Moto G series, Moto Edge series, Motorola Razr series, Moto AI, and Moto Pad series); their Lenovo-branded personal computing products (including Lenovo ThinkPad, Yoga, IdeaPad, and Legion laptops and tablets) and the Lenovo Link Pro application and associated cloud services; and other substantially similar products and services offered in the past or in the future, and all of the prior models, iterations, releases, versions, generations, and prototypes of the foregoing, along with any associated hardware, software, applications, firmware, and functionality associated with those products and solutions (collectively, the "Accused Products").

33. Defendants also instruct their customers, agents, employees, and affiliates regarding how to use the Accused Products.

34. For these reasons and the additional reasons detailed below, the Accused Products practice at least one claim of each of the Asserted Patents.

**COUNT I: INFRINGEMENT OF U.S. PATENT NO. 7,209,876**

35. Plaintiff repeats and re-alleges the allegations in the Paragraphs above as though fully set forth in their entirety.

36. The USPTO duly issued U.S. Patent No. 7,209,876 (hereinafter, the "'876 patent") on April 24, 2007, after full and fair examination of Application No. 10/293,743, which was filed on November 13, 2002. *See* '876 patent at p. 1.

37. IoT Innovations owns all substantial rights, interest, and title in and to the '876 patent, including the sole and exclusive right to prosecute this action and enforce the '876 patent against infringers and to collect damages for all relevant times.

38. IoT Innovations or its predecessors-in-interest have satisfied all statutory obligations required to collect pre-filing damages for the full period allowed by law for infringement of one or more claims of the ’876 patent.

39. The claims of the ’876 patent are not directed to an abstract idea and are not limited to well-understood, routine, or conventional activity. Rather, the claimed inventions include inventive components that improve upon the function and operation of image management in a mobile network.

40. The written description of the ’876 patent describes in technical detail each limitation of the claims, allowing a skilled artisan to understand the scope of the claims and how the non-conventional and non-generic combination of claim limitations is patently distinct from and improved upon what may have been considered conventional or generic in the art at the time of the invention.

41. Defendants have directly infringed the claims of the ’876 patent by using, providing, supplying, or distributing the Accused Products. As just one example, Defendants have directly infringed, either literally or under the doctrine of equivalents, claim 1 of the ’876 patent, with a claim chart demonstrating this infringement to be provided to Defendants upon service of this Complaint; the claim chart has been omitted from this filing due to the complexity of the translations required for service on the foreign-domiciled Defendants. Specifically, Defendants, through the use and provision of the Accused Products, perform a method for producing answers to a question or query issued to an information repository containing natural language data, executable in a computer system, comprising the steps of: a. receiving a search question or query containing at least one variable expression, said at least one variable expression being representative of desired answer data that is to be searched for in said information repository; b.

initiating a search of said information repository for information containing terms present in said search question or query and receiving a first data set comprising information containing terms present in said search question or query; c. searching said first data set for answer phrases present in syntactically similar form to said search question or query and containing answer data which may replace said variable expression to provide an answer to said search question or query, and retrieving answer phrases resulting from such search; and d. modifying said answer phrases and providing output derived from said answer phrases in the form of one or more direct answers to said search question or query.

42. IoT Innovations has been damaged as a result of the infringing conduct by Defendants as alleged above. Thus, Defendants are liable to IoT Innovations in an amount that compensates it for such infringements, which by law cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

**COUNT II: INFRINGEMENT OF U.S. PATENT NO. 7,280,830**

43. Plaintiff repeats and re-alleges the allegations in the Paragraphs above as though fully set forth in their entirety.

44. The USPTO duly issued U.S. Patent No. 7,280,830 (hereinafter, the "'830 patent") on October 9, 2007 after full and fair examination of Application No. 10/859,735 which was filed on June 2, 2004. *See* '830 patent at p. 1.

45. IoT Innovations owns all substantial rights, interest, and title in and to the '830 patent, including the sole and exclusive right to prosecute this action and enforce the '830 patent against infringers and to collect damages for all relevant times.

46. IoT Innovations or its predecessors-in-interest have satisfied all statutory obligations required to collect pre-filing damages for the full period allowed by law for infringement of one

or more claims of the ’830 patent.

47. The claims of the ’830 patent are not directed to an abstract idea and are not limited to well-understood, routine, or conventional activity. Rather, the claimed inventions include inventive components that improve upon the function and operation of automatic registration of a new device through the establishment of a home relationship with a network server.

48. The written description of the ’830 patent describes in technical detail each limitation of the claims, allowing a skilled artisan to understand the scope of the claims and how the non-conventional and non-generic combination of claim limitations is patently distinct from and improved upon what may have been considered conventional or generic in the art at the time of the invention.

49. Defendants have directly infringed the claims of the ’830 patent by using, providing, supplying, or distributing the Accused Products. As just one example, Defendants have directly infringed, either literally or under the doctrine of equivalents, claim 1 of the ’830 patent, with a claim chart demonstrating this infringement to be provided to Defendants upon service of this Complaint; the claim chart has been omitted from this filing due to the complexity of the translations required for service on the foreign-domiciled Defendants. Specifically, Defendants, using the Accused Products and their associated hardware and software and functionalities, perform a method for automatic registration of a new wireless device with a registration server, comprising: establishing a home relationship between the new wireless device and a network server, such that no additional configuration is required by a user of the new device to communicate over a network once the relationship is established, wherein establishing a home relationship includes, determining at the network server, that the wireless device is an owned device, wherein the owned device is previously known to the network server; automatically

obtaining registration information for the new device; establishing a connection between a registration server and the network server; and sending the registration information from the network server to the registration server.

50. IoT Innovations has been damaged as a result of the infringing conduct by Defendants as alleged above. Thus, Defendants are liable to IoT Innovations in an amount that compensates it for such infringements, which by law cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

**COUNT III: INFRINGEMENT OF U.S. PATENT NO. 8,972,576**

51. IoT Innovations repeats and re-alleges the allegations in the Paragraphs above as though fully set forth in their entirety.

52. The USPTO duly issued U.S. Patent No. 8,972,576 (hereinafter, the "'576 patent") on March 3, 2015 after full and fair examination of Application No. 10/833,381 which was filed on April 28, 2004. *See* '576 patent at p. 1.

53. IoT Innovations owns all substantial rights, interest, and title in and to the '576 patent, including the sole and exclusive right to prosecute this action and enforce said patent against infringers and to collect damages for all relevant times.

54. IoT Innovations or its predecessors-in-interest have satisfied all statutory obligations required to collect pre-filing damages for the full period allowed by law for infringement of one or more claims of the '576 patent.

55. The written description of the '576 patent describes in technical detail each limitation of the claims, allowing a skilled artisan to understand the scope of the claims and how the non-conventional and non-generic combination of claim limitations is patently distinct from and improved upon what may have been considered conventional or generic in the art at the time of

the invention.

56. The claims of the ’576 patent are not directed to an abstract idea and are not limited to well-understood, routine, or conventional activity. Rather, the claimed inventions include inventive components and functionalities that improve upon the function, operation, and security of communications devices and networks by employing an improved network protocol that enables the establishment of a known, persistent relationship between a mobile wireless device and a wireless network that allows the device to communicate over the network absent further configuration once the relationship has been established.

57. Defendants have directly infringed the claims of the ’576 patent by using, providing, supplying, or distributing the Accused Products.

58. As just one example, Defendants have directly infringed and continue to infringe, either literally or under the doctrine of equivalents, claim 1 of the ’576 patent, with a claim chart demonstrating this infringement to be provided to Defendants upon service of this Complaint; the claim chart has been omitted from this filing due to the complexity of the translations required for service on the foreign-domiciled Defendants. Specifically, Defendants, using the Accused Products and their associated hardware and software and functionalities, perform a method for establishing a relationship between a mobile device and a server in a network, comprising; (a) detecting the presence of the mobile device; (b) in response to determining that the mobile device is unrecognized, automatically notifying a network administrator; (c) in response to receiving authorization from the network administrator to establish the relationship, requesting authorization from the mobile device to authorize the establishment of the relationship; and (d) establishing the relationship between the mobile device and the network in response to receiving the authorization from the mobile device, such that no additional configuration is required by the mobile device to

communicate over the network once the relationship has been established.

59. Since at least the time of receiving the original complaint in this action, Defendants have also indirectly infringed one or more claims of the ’576 patent by inducing and contributing to the direct infringement of others, including their distributors, resellers, and end users. Defendants took active steps, with knowledge of the ’576 patent and with knowledge that the induced acts constitute infringement, to cause those parties to use the Accused Products in an infringing manner, including by advertising and promoting the infringing functionality and by distributing user guides, support articles, and instructions directing users to use that functionality. The Accused Products have features specially designed for use in an infringing manner that are a material part of the claimed invention and that have no substantial non-infringing use.

60. IoT Innovations has been damaged as a result of the infringing conduct by Defendants as alleged above. Thus, Defendants are liable to IoT Innovations in an amount that compensates it for such infringements, which by law cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

61. IoT Innovations has suffered irreparable harm, for which there is no adequate remedy at law, and will continue to suffer that harm by virtue of Defendants' infringement of the ’576 patent unless that infringement is enjoined by this Court.

**COUNT IV: INFRINGEMENT OF U.S. PATENT NO. 8,401,571**

62. Plaintiff repeats and re-alleges the allegations in the Paragraphs above as though fully set forth in their entirety.

63. The USPTO duly issued U.S. Patent No. 8,401,571 (hereinafter, the “’571 patent”) on March 19, 2013, after full and fair examination of Application No. 10/534,012, which was filed on November 5, 2002. See ’571 patent at 1. On September 23, 2026, the USPTO issued an Ex

Parte Reexamination Certificate (US 8,401,571 C1) confirming the patentability of new claims 26-36.

64. IoT Innovations owns all substantial rights, interest, and title in and to the ’571 patent, including the sole and exclusive right to prosecute this action and enforce said patent against infringers and to collect damages for all relevant times.

65. The claims of the ’571 patent are not directed to an abstract idea and are not limited to well-understood, routine, or conventional activity. Rather, the claimed inventions include inventive components that improve upon the function and operation of mobile electronic systems having posture-dependent presentation modes.

66. The written description of the ’571 patent describes in technical detail each limitation of the claims, allowing a skilled artisan to understand the scope of the claims and how the non-conventional and non-generic combination of claim limitations is patently distinct from and improved upon what may have been considered conventional or generic in the art at the time of the invention.

67. Defendants have directly infringed one or more claims of the ’571 patent by using, providing, supplying, or distributing the Accused Products.

68. Defendants have directly infringed and continue to infringe, either literally or under the doctrine of equivalents, at least claim 26 of the ’571 patent, with a claim chart demonstrating this infringement to be provided to Defendants upon service of this Complaint; the claim chart has been omitted from this filing due to the complexity of the translations required for service on the foreign-domiciled Defendants.

69. For example, the Accused Products provide an apparatus comprising: at least one processing component configured to process data indicative of a current posture of said apparatus

for enabling a posture related presentation of information to a user via an output component, said processing including selecting one of at least two different modes of presentation depending on said current posture of said apparatus; a 3D accelerometer, wherein said at least one processing component is configured to receive first data indicative of the current posture of said apparatus from the 3D accelerometer; a 3D magnetometer, wherein said at least one processing component is configured to receive second data indicative of the current posture of said apparatus from the 3D magnetometer; and a first filter filtering the first data indicative of the current posture of said apparatus from the 3D accelerometer with a first integration period.

70. Since at least the time of receiving the original complaint in this action, Defendants have also indirectly infringed one or more claims of the ’571 patent by inducing and contributing to the direct infringement of others, including their distributors, resellers, and end users. Defendants took active steps, with knowledge of the ’571 patent and with knowledge that the induced acts constitute infringement, to cause those parties to use the Accused Products in an infringing manner, including by advertising and promoting the infringing functionality and by distributing user guides, support articles, and instructions directing users to use that functionality. The Accused Products have features specially designed for use in an infringing manner that are a material part of the claimed invention and that have no substantial non-infringing use.

71. IoT Innovations or its predecessors-in-interest have satisfied all statutory obligations required to collect pre-filing damages for the full period allowed by law for infringement of one or more claims of the ’571 patent.

72. IoT Innovations has been damaged as a result of the infringing conduct by Defendants as alleged above. Thus, Defendants are liable to IoT Innovations in an amount that compensates it for such infringements, which by law cannot be less than a reasonable royalty, together with

interest and costs as fixed by this Court under 35 U.S.C. § 284.

73. IoT Innovations has suffered irreparable harm, for which there is no adequate remedy at law, and will continue to suffer that harm by virtue of Defendants' infringement of the ’571 patent unless that infringement is enjoined by this Court.

**JURY DEMAND**

74. IoT Innovations hereby requests a trial by jury on all issues so triable by right.

**PRAYER FOR RELIEF**

75. IoT Innovations requests that the Court find in its favor and against Defendants, and that the Court grant IoT Innovations the following relief:

a. Judgment that one or more claims of each of the Asserted Patents has been infringed, either literally or under the doctrine of equivalents, by Defendants or others acting in concert therewith;

b. A permanent injunction enjoining Defendants and their officers, directors, agents, servants, affiliates, employees, divisions, branches, subsidiaries, parents, and all others acting in concert therewith from infringement of the ’576 patent and the ’571 patent; or, in the alternative, an award of a reasonable ongoing royalty for future infringement of said patents by such entities;

c. Judgment that Defendants account for and pay to IoT Innovations all damages to and costs incurred by IoT Innovations because of Defendants’ infringing activities and other conduct complained of herein;

d. Judgment that Defendants’ infringements be found willful as to the ’576 patent and the ’571 patent, and that the Court award treble damages for the period of such willful infringement pursuant to 35 U.S.C. § 284;

e. Pre-judgment and post-judgment interest on the damages caused by Defendants' infringing activities and other conduct complained of herein;

f. That this Court declare this an exceptional case and award IoT Innovations its reasonable attorneys' fees and costs in accordance with 35 U.S.C. § 285; and

g. All other and further relief as the Court may deem just and proper under the circumstances.

Dated: October 13, 2026

Respectfully submitted,

By: */s/ James F. McDonough, III*

James F. McDonough, III (GA 117088)
**ROZIER HARDT MCDONOUGH PLLC**
659 Auburn Avenue NE, Unit 254
Atlanta, Georgia 30312
Telephone: (404) 564-1866
Email: jim@rhmtrial.com

C. Matthew Rozier (CO 46854)
**ROZIER HARDT MCDONOUGH PLLC**
1500 K Street, 2nd Floor
Washington, District of Columbia 20005
Telephone: (404) 779-5305; (202) 316-1591
Email: matt@rhmtrial.com

Jonathan Hardt (TX 24039906)
**ROZIER HARDT MCDONOUGH PLLC**
712 W. 14th Street, Suite A
Austin, Texas 78701
Telephone: (210) 289-7541
Email: hardt@rhmtrial.com

***Attorneys for Plaintiff IOT INNOVATIONS LLC***

* admitted to the Eastern District of Texas